UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOSEPH CLEMENT BALLAY, IV**                               **CIVIL ACTION**

**VERSUS**                                                  **NO.  14-2058**

**JEFFERSON PARISH CORRECTIONAL**                           **SECTION "C"(4)**
**CENTER UNDER THE GUIDANCE OF SHERIFF**
**NEWELL NORMAND**

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C) and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.      Background**

The plaintiff, Joseph Clement Ballay IV ("Ballay"), filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Jefferson Parish Correctional Center ("JPCC") and Jefferson Parish Sheriff Newell Normand ("Sheriff Normand"). R. Doc. 1, p. 1.

Ballay alleges that on or about August 24, 2013 he underwent two lung surgeries at University Hospital in New Orleans, Louisiana. *Id.* at 5. According to Ballay, on October 25, 2013, upon being released from the hospital, he was unable to locate his personal items including his "orange prison garbs," shoes, socks, underwear, and prescription glasses. *Id.* He alleges that during his stay at University Hospital, he was under the "watch" of Jefferson Parish deputies who were under the command of Sheriff Newell Normand. *Id.* at 8. Ballay claims that he asked the guards to retrieve his belongings, in particular his glasses, on multiple occasions. *Id.*

Apparently, some of them tried but others did not. *Id.* Ballay was given a new prison uniform and shoes to be transported back to JPCC. *Id.*

Ballay alleges that he requested that his glasses be replaced numerous times over the course of one hundred days after leaving the hospital, until they were finally replaced courtesy of the Chaplin's office at JPCC. *Id.* Specifically, Ballay alleges that he wrote three requests and two letters "to a member of SIU" in an attempt to obtain new glasses from JPCC personnel. Ballay claims that his prescription glasses were replaced with "cheap reading glasses," that he has trouble seeing through and cause him to have headaches. *Id.* at 5. He claims that JPCC is responsible for losing his glasses and not replacing them with new prescription glasses. *Id.* at 9. Ballay further alleges that not having his glasses precluded him from properly tending to his medical needs because he could not see. *Id.* at 11. Attached to Ballay's complaint is a copy of an inmate request form in which he profusely thanks "Ms. Kathy" for providing him with new glasses and details how happy he is to be able to read his bible again. *Id.* at 13.

Ballay seeks replacement of his prescription glasses after undergoing an eye exam paid for by JPCC. *Id.* Additionally, he seeks $6,500 in damages for pain and suffering, and for "not being able to address the District Court" for the one hundred days he was without glasses. *Id.*

## II.     Standard of Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua*

*sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.**   **Analysis**

    **A.**   **Jefferson Parish Correctional Center**

Ballay names JPCC as a defendant in this action. However, JPCC is not considered a person within the meaning of 42 U.S.C. § 1983.

42 U.S.C. § 1983 holds accountable any "person" who violates somebody's constitutional rights while acting under the color of state law. 42 U.S.C.A. § 1983 (West 1996). It is well settled law "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (internal quotation marks in original). *See Klingler v. Univ. of Southern Miss.*, No. 14-60007, 2015 WL 2169323 at

*2 (5th Cir. May 11, 2015). Furthermore, pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs a defendants' capacity to be sued.[1] *See* Fed. R. Civ. P. 17(b).

Under Louisiana law, an entity must qualify as a juridical person in order to possess the capacity to sue or be sued. "A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership." La. Civ. Code. Ann. art. 24 (1988). Federal courts in Louisiana have established that a parish prison is "not an entity, but a building." *Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998); *see Daliet v. St. Bernard Parish Prison*, No. 12-2476, 2013 WL 5533142 at *3 (E.D. La. Oct. 4, 2013); *McCann v. Louisiana*, No. 11-CV-1663, 2012 WL 1309251 at *2 (W.D. La. Mar. 12, 2012); *Dusset v. Jefferson Parish Correctional Center*, No. 09-6462, 2010 WL 2076772 at *3 (E.D. La. Apr. 21, 2010); *Wilson v. East Baton Rouge Parish Prison*, No. 09-135-JJB-CN, 2009 WL 1162404 at *1 (M.D. La. Apr. 29, 2009). As such, a parish prison is not a juridical person within the meaning of La. Civ. Code article 24 and is not susceptible to being sued according to Rule 17(b). *Dusset*, 2010 WL 2076772 at *3; *Daliet*, 2013 WL 5533142 at *3; *see also Wilson*, 2009 WL 1162404 at *1 ("A parish prison is not an entity subject to suit in this Court."). In fact, this Court has held that JPCC specifically does not qualify as a "person" subject to suit under § 1983. *Dusset*, 2010 WL 2076772 at *4.

Furthermore, federal courts across the country have found that under federal law, county (parish in Louisiana) prison facilities are not persons within the meaning of § 1983. *See Schoenlein v. Halawa Correctional Facility*, Nos. 08-00073 JMS/KSC, 08-00074 JMS/KSC, 08-00075 JMS/KSC, 2008 WL 495536 (D. Haw. Feb. 27, 2007); *Whitley v. Westchester County*,

---

[1] "Capacity to sue or be sued is determined as follows . . . by the law of the state where the court is located." Fed. R. Civ. P. 17(b).

No. 97 CIV. 0420(SS), 1997 WL 659100 at *7 (S.D. NY Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993).

For the foregoing reasons, JPCC clearly does not have the capacity to be sued under § 1983. Accordingly, Ballay's claims against JPCC are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. 1997e.

### B. Jefferson Parish Sheriff Newell Norman

Ballay also names Sheriff Normand as a defendant in this case. In liberally construing Ballay's complaint, it may be inferred that by naming the defendants in the instant lawsuit as "Jefferson Parish Correctional Center under the guidance of Sheriff Newell Normand," Ballay named Sheriff Normand as a defendant because of his role as a supervisor over JPCC.[2] R. Doc. 1, p. 1.

Supervisory officials, such as Sheriff Normand, are not liable pursuant to § 1983 "for the actions of subordinates on a theory of vicarious liability or *respondeat superior*." *Davis v. Klevenhagen*, 81 F. 3d 156, 1996 WL 101539 at *1 (5th Cir. Feb. 29, 1996); *see also Valentine v. Jones*, 566 F. App'x. 291, 294 (5th Cir. 2014); *Widner v. Aguilar*, 398 F. App'x. 976, 979 (5th Cir. 2010); *Oliver v. Scott*, 276 F. 3d 736, 742 (5th Cir. 2002).

Supervisory officials may be held liable under § 1983 "if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt*, 828 F. 2d 298, 304 (5th Cir. 1987). Furthermore, a supervisor may also be held liable if he implements a policy "so deficient that the policy itself is a repudiation of constitutional rights and is the

---

[2] The court must liberally construe a *pro se* civil rights complaint. *Moore v. McDonald*, 30 F. 3d 616, 620 (5th Cir. 1994).

moving force of the constitutional violation." *Id.* (internal quotation marks omitted); *see also Porter v. Epps*, 659 F. 3d 440 (5th Cir. 2011); *Jenkins v. Lynaugh*, 981 F. 2d 1256, 1992 WL 386797 (5th Cir. Dec. 23, 1992).

In the instant lawsuit, Ballay has not alleged any facts which suggest any personal involvement of Sheriff Normand in Ballay's affairs. Ballay does not make any direct allegations against Normand and the only time that he even mentions Normand is in declaring that JPCC is under his supervision. R. Doc. 1, p. 1, 8. In fact, Ballay does not assert that Sheriff Normand was personally aware of his surgeries, transportation to and from the correctional center, requests for new glasses, or anything else that he alleges in his complaint. He has not alleged facts which tend to show a causal connection between acts taken by Sheriff Normand and the deprivation of his constitutional rights. Additionally, Ballay does not contend that there was an unconstitutional procedure in place that led to the deprivation of his rights. As such, his claims against Sheriff Normand are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

## IV. Recommendation

**IT IS THEREFORE RECOMMENDED** that plaintiff, Joseph Clement Ballay, IV's § 1983 claims against the Jefferson Parish Correctional Center and Sheriff Newell Normand be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted

by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this day of 30th of July, 2015

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**